**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Appellee,<br><br>v.<br><br>Cristopher Javier Perdomo-Franco,<br><br>Appellant. | No. CR-19-00905-001-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Cristopher Javier Perdomo-Franco's appeal from his conviction by plea agreement in front of Magistrate Judge John Z. Boyle. (Docs. 15, 16, and 17.) The Court allowed the Government to file a sur-reply on June 18, 2020 since Mr. Perdomo-Franco had raised new arguments in his reply brief. (Doc. 23 (sur-reply).) Neither party requested oral argument. The Court has considered the filings and record on appeal and dismisses Mr. Perdomo-Franco's appeal.

**I.  BACKGROUND**

The Government filed a criminal complaint against Mr. Perdomo-Franco on June 17, 2019 charging him with one count of illegal re-entry in violation of 8 U.S.C. § 1326(a) and one count of misdemeanor entry in violation of 8 U.S.C. § 1325(a)(2). (Doc. 15 at 2.) Regarding the misdemeanor charge, the criminal complaint stated as follows:

On June 14, 2019, at or near Phoenix, in the District of Arizona, Christopher

> Javier Perdomo-Franco, an alien, did elude the examination or inspection by immigration officers in violation of Title 8, United States Code, Section 1325(a)(2), a class B misdemeanor.

(Doc. 15 at 2, App. B.) For the felony charge, the criminal complaint states as follows:

> On June 14, 2019, Christopher Javier Perdomo-Franco, an alien, was found in the United States of America at or near Phoenix, in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at or near Brownsville, Texas, on or about July 20, 2018, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326(a), a felony.

(Doc. 15, App. B.)

On July 12, 2019, Mr. Perdomo-Franco pled guilty before Magistrate Judge Boyle to the misdemeanor charge of violation of 8 U.S.C. § 1325(a)(2) and received a sentence of time served. (Doc. 15 at 2.) The factual basis for the plea agreement states he "knowingly entered the United States at a time and place other than as designated by immigration officials of the United States, and since then [had] thereby eluded the examination and inspection of Immigration Officers." (Doc. 15, App. D at 5.)

In his guilty plea, Defendant waived "any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction…" (*Id.* at 3.) Further, the plea agreement states, "This waiver shall result in the dismissal of any appeal…" (*Id.*) In exchange for Mr. Perdomo Franco's agreement to plead guilty to the misdemeanor charge of violation of 8 U.S.C. § 1325(a)(2), the Government agreed to dismiss the felony charge of violating 8 U.S.C. § 1326(a). (*Id.* at 2.)

At Mr. Perdomo-Franco's change of plea and sentencing hearing on July 12, 2019, neither Mr. Perdomo-Franco nor his counsel objected to any aspect of the plea colloquy. (Doc. 16 at 4.) Mr. Perdomo-Franco told Magistrate Judge Boyle during the hearing that he understood that he was giving up his right to appeal or attack the conviction. (Doc. 15, App. D at 7:24-8:9.) At the end of the hearing, Mr. Perdomo-Franco pled guilty to the misdemeanor charge of violating 8 U.S.C. § 1325(a)(2). (*Id.* at 11:19-23.) Magistrate Judge

Boyle found that Mr. Perdomo-Franco "knowingly, intelligently, and voluntarily entered a plea of guilty." (*Id.* at 12:2-3.) At the end of the hearing, pursuant to the plea agreement, the Government moved to dismiss the felony charge against Mr. Perdomo-Franco of violating 8 U.S.C. § 1326(a). (*Id.* at 14:5-6, 16:17-18.)

Twelve days after Mr. Perdomo-Franco's conviction and sentence, on July 24, 2019, the Ninth Circuit issued its opinion in *United States v. Corrales-Vazquez*, 931 F.3d 944 (9th Cir. 2019). (Doc. 15 at 3.) In that case, the Ninth Circuit held, "To convict a defendant under § 1325(a)(2), the government must prove that the alien's criminal conduct occurred at a time and place designated for 'examination or inspection by immigration officers'— i.e., at a port of entry that is open for inspection." *Corrales-Vazquez*, 931 F.3d at 946 (quoting 8 U.S.C. § 1325(a)). Mr. Perdomo-Franco argues that because the factual basis of his guilty plea does not satisfy the requirement of *Corrales-Vazquez*, "his guilty plea is legally invalid." (Doc. 15 at 3.)

## II. STANDARD OF REVIEW

"In all cases of conviction by a United States magistrate judge," the parties are entitled to an appeal heard by a district court judge. 18 U.S.C. § 3402. Appeals must be filed within fourteen days of entry of the magistrate judge's judgment. Fed. R. Crim. P. 58(g)(2)(B). The district court's review is "the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.* As such, district courts review questions of fact for clear error and legal conclusions *de novo*. *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). The standard of review in the Ninth Circuit for determining whether an appellate waiver is enforceable is *de novo*. *United States v. Bibler*, 495 F.3d 621, 623 (9th Cir. 2007) (citing *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc)). Courts in the Ninth Circuit "'will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face,' including waivers of the right to appeal." *United States v. Avalos*, 822 Fed.App'x. 601, 603 (9th Cir. 2020) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005)).

**III.   DISCUSSION**

"'An appeal waiver will not apply if: 1) a defendant's guilty plea failed to comply with [Federal Rule of Criminal Procedure] 11.'" *United States v. Dailey*, 941 F.3d 1183, 1188 (9th Cir. 2019) (quoting *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007)) (alterations in original). Here, Mr. Perdomo-Franco argues that his guilty plea failed to comply with Rule 11(b)(3), Fed. R. Crim. P. Under Rule 11(b)(3), "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."

The parties agree that this Court's review is for plain error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 80, 124 S.Ct. 2333 (2004); *accord United States v. Bain*, 925 F.3d 1172, 1176 (9th Cir. 2019).[1] The "plain error review" involves four steps. *Puckett v. United States*, 556 U.S. 129, 135, 129 S.Ct. 1423 (2009). First, there must be (1) an error or defect; (2) the legal error must be plain or obvious rather than subject to reasonable dispute; (3) the error must have affected the appellant's substantive rights, "which in the ordinary case means he must demonstrate that it 'affected the outcome of the district court proceedings;'" and (4) if the above three prongs are satisfied, the reviewing court has the discretion to remedy the error which ought to be exercised only if the error seriously affects "'the fairness, integrity or public reputation of the judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732-36, 113 S.Ct. 1770 (1993)). The Supreme Court

---

[1] The Government argues in its sur-reply that Mr. Perdomo-Franco waived arguments relating to plain error and the test used by the Supreme Court to evaluate whether plain error applies by not raising the issue in its opening brief. *See Indep. Towers of Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (courts "review only issues which are argued specifically and distinctly in a party's opening brief"). However, the Court may exercise its discretion to consider the issue when the issue is raised in the appellee's brief. *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992) (citing *In re Riverside Linden Investment Co.*, 945 F.2d 320, 324 (9th Cir. 1991)). The Court chooses to exercise its discretion to consider the plain error issue here and has allowed the Government to file a sur-reply to respond to arguments raised regarding the plain error test in Mr. Perdomo-Franco's reply brief. Further, Defendant's argument that Mr. Perdomo-Franco's guilty plea constituted an "illegal" plea is only raised in his reply. (Doc. 17 at 6.) Thus, Mr. Perdomo Franco has waived this argument.

noted that "[m]eeting all four prongs is difficult, 'as it should be'" *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. at 83, n. 9. To show that the error affected his substantive rights, Mr. Perdomo-Franco must show that "there is a 'reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Borowy*, 595 F.3d 1045, 1049 (9th Cir. 2010) (quoting *United States v. Monzon*, 429 F.3d 1268, 1272 (9th Cir. 2005)). "The inquiry includes the overall strength of the Government's case and any possible defenses that appear from the record, evidence tending to show that a misunderstanding was inconsequential to the defendant's decision, [and] evidence indicating the relative significance of other facts that may have borne on his choice regardless of any Rule 11 error." *Id.* (quoting *Monzon*, 429 F.3d at 1272; *Dominguez Benitez*, 542 U.S. at 84-85). "'A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding' but need not prove by a preponderance that the result would have been different." *Id.* at 1050 (quoting *Dominguez Benitez*, 542 U.S. at 83 & n. 9, 124 S.Ct. 2333). When "assessing the effect of Rule 11 error, a reviewing court must look to the entire record, not the plea proceeding alone." *Dominguez Benitez*, 542 U.S. at 80 (citing *United States v. Vonn*, 535 U.S. 55, 74-75, 122 S.Ct. 1043 (2002)); *Bain*, 925 F.3d at 1176. The burden of establishing relief for plain error is on the defendant claiming it. *Dominguez Benitez*, 542 U.S. at 82. In determining whether plain error exists, the Court applies the law "'at the time of appellate consideration.'" *Henderson v. United States*, 568 U.S. 266, 274 (2013) (quoting *Johnson v. United States*, 520 U.S. 461, 468 (1997)).

In examining the factors in *Puckett*, the Government concedes that factors one and two are met in light of the Ninth Circuit's decision in *Corrales-Vazquez*. (Doc. 16 at 8.) However, the Government argues that the plain error did not affect Mr. Perdomo-Franco's substantial rights as required by the third factor because "Defendant cannot show that, but for the magistrate judge's error, he would not have pled guilty." (Doc. 16 at 15.) The Government argues that Mr. Perdomo-Franco cannot make such a showing, which is

required pursuant to *Dominguez Benitez*, because there was overwhelming evidence against him for the felony charge and he received a substantial benefit by pleading guilty to the misdemeanor charge and stipulating to a 30-day sentence. 542 U.S. at 83. In his reply brief, Mr. Perdomo-Franco argues that he would not have entered the plea but for the error because he could not have entered the plea for violating 8 U.S.C. § 1325(a)(2). (Doc. 17 at 3-4.)

       The Court finds that Mr. Perdomo-Franco has not satisfied the third factor of the plain error test. Mr. Perdomo-Franco has not shown a reasonable probability that, but for the plain error, he would not have entered the plea. Although Mr. Perdomo-Franco is technically correct that he could not have entered the plea but for the error, examining the entire record, it appears that Mr. Perdomo-Franco received a substantial benefit from entering the plea agreement he did, and Mr. Perdomo-Franco has not shown that he would not have otherwise entered into a guilty plea in light of the Government's evidence for the felony charge. The Government appears to have strong, overwhelming evidence for the felony charge of violating 8 U.S.C. § 1326(a), which merely requires the Government to prove that Mr. Perdomo-Franco had been denied admission, deported, or removed from the United States and thereafter was "at any time found in the United States" without express consent. Here, the Government's criminal complaint and probable cause statement state that Mr. Perdomo-Franco was found at or near Phoenix, Arizona on June 14, 2019 after previously being denied admission to the United States, and the statement of probable cause further states that there is no record of Mr. Perdomo-Franco in any Department of Homeland Security database to indicate that he obtained express consent to reenter the United States. (Doc. 15, App. B.) Further, Mr. Perdomo-Franco did not appear to have any defense to the felony charge. Thus, viewing the record, it appears that the Government had overwhelming evidence against Mr. Perdomo-Franco for violating 8 U.S.C. § 1326(a), a felony, for which Mr. Perdomo-Franco did not have a defense. Therefore, even if *Corrales-Vazquez* was decided before Mr. Perdomo-Franco entered the guilty plea, he was still facing a felony charge for which the Government appears to have had an exceptionally

strong case. If the misdemeanor charge under 8 U.S.C. § 1325(A)(2) was dismissed before his guilty plea, Mr. Perdomo-Franco likely would have been confronted with the choice of going to trial for a felony charge in the face of overwhelming evidence or taking a different plea, which may have been less favorable than the one he accepted. Considering this, the Court finds that there are other significant facts "that may have borne on [Mr. Perdomo-Franco's] choice regardless of any Rule 11 error." *Borowy*, 595 F.3d at 1049. Accordingly, the Court finds that the error did not affect Mr. Perdomo-Franco's substantive rights, and the appellate waiver in his plea agreement applies. Therefore, Mr. Perdomo-Franco's appeal must be dismissed.

The Court finds the Ninth Circuit's ruling in *United States v. Perez-Martinez* does not control the outcome of this case. 779 F.App'x 479 (9th Cir. 2019). In that case, the court vacated a Defendant's guilty plea for violation of 8 U.S.C. § 1325(a) for plain error in light of the Ninth Circuit's ruling in *United States v. Corrales-Vazquez. Id.* at 80. However, that case is distinguishable from this case because the Defendant there was only charged with one count of violation of 8 U.S.C. § 1325(a). *See* Appellant's Opening Brief, *United States v. Perez-Martinez*, 779 F.App'x 479 (9th Cir. 2019), 2018 WL 5927548, at *3-*4. Thus, the situation is far different than here where Mr. Perdomo-Franco pled guilty in order to avoid the more serious felony charge under 8 U.S.C. § 1326(a).

## IV.   CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** dismissing Mr. Perdomo-Franco's appeal. (Doc. 1)

Dated this 5th day of January, 2021.

Honorable Susan M. Brnovich
United States District Judge